## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.:  CV - _____

Mary Slavik,

                Plaintiff,  **COMPLAINT**

v.

NCO Financial Systems, Inc.,

                                     **JURY TRIAL DEMANDED**

                Defendant.

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Mary Slavik, (hereinafter "Plaintiff"), is a natural person residing in the County of Hennepin, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "Defendant"), is a collection law firm operating from an address of 507 Prudential Road, Horsham, PA 19044, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL SUMMARY

6. Sometime prior to July 2006, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer debt from U.S. Bank.

7. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Balogh Becker, LTD for collection from Plaintiff.

8. On or about June 2006, Plaintiff negotiated a settlement payment plan with Balogh Becker, LTD. Pursuant to the payment plan, Plaintiff would make a monthly payment of $50.00 until payment of the underlying debt in full. It was further agreed that interest would not be added to the underlying debt for the duration of the debt.

9. On July 3, 2006 Plaintiff made a payment pursuant to the payment plan. The underlying debt remained at an amount of $1,359.15. (See Exhibit A).

10. On August 1, 2006 Plaintiff made a payment pursuant to the payment plan. The underlying debt remained at an amount of $1,309.15. (See Exhibit B).

11. On August 31, 2006 Plaintiff made a payment pursuant to the payment plan. The underlying debt remained at an amount of $1,259.15.  (See Exhibit C).

12. On October 2, 2006 Plaintiff made a payment pursuant to the payment plan. The underlying debt remained at an amount of $1,209.15.  (See Exhibit D).

13. Sometime thereafter, the alleged debt was consigned, placed or otherwise transferred to Defendant for collection from Plaintiff.

14. On January 23, 2007, Defendant demanded a total balance of $2,390.79, including interest in the amount of $887.07.  (See Exhibit E).

15. On June 13, 2007, Defendant demanded a total balance of $2,280.21, including interest in the amount of $776.49.  (See Exhibit F).

16. The conduct of Defendant by misrepresenting the character, amount or legal status of an alleged debt, and by unilaterally negating the existence of a settlement agreement was a violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), and 1692f, amongst others.

*Summary*

17. Plaintiff has suffered actual damages as a result of these illegal collection communications in the form of humiliation, anger, anxiety, emotional distress, fear, frustration, embarrassment, amongst other negative emotions.

## TRIAL BY JURY

18. Plaintiff is entitled to and hereby respectfully demands a trial by jury.  U.S. Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 ET SEQ.

19. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

20. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

21. As a result of Defendants' foregoing conduct and violations of the FDCPA, Plaintiff is entitled to recover actual damages pursuant to 15 U.S.C. § 1692k(a)(1), statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A), and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), against each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

22. an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant;

23. an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against Defendant;

24. an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

25. actual damages from each and every Defendant for the emotional distress suffered as a result of the FDCPA violations in an amount to be determined at trial;

26. such other and further relief as may be just and proper.

Dated:  February 25, 2008                **SCRIMSHIRE, MARTINEAU, GONKO & VAVRECK, PLLC**

 s/ Mark L. Vavreck                         .
Mark L. Vavreck, Esq.
Attorney I.D.#0318619
Designer's Guild Building
401 North Third Street, Suite 600
Minneapolis, MN 55401
Telephone:  (612) 659-9500
Facsimile:  (612) 659-9220

**ATTORNEY FOR PLAINTIFF**